UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

REGAL FABRICS, INC.,

           Plaintiff,

v.

KOBA, INC., an Illinois corporation;
IBR CORPORATION, d/b/a Harbortown Division,
an Illinois corporation; and
SHOPKO STORES, INC, a Wisconsin corporation,

           Defendants.

CIVIL ACTION NO.

MAGISTRATE JUDGE Dein

04-10961 RWZ

RECEIPT # 55891
AMOUNT $ 150-
SUMMONS ISSUED 3
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 5-14-04

---

**COMPLAINT AND JURY DEMAND**

Plaintiff Regal Fabrics, Inc. ("Regal"), by its undersigned attorneys, Bingham McCutchen LLP, for its Complaint herein, alleges, upon knowledge as to itself and otherwise upon information and belief, as follows:

**Parties**

1.     Regal is a privately held corporation duly organized under the laws of Massachusetts, with a principal place of business in Middleton, Massachusetts.

2.     Koba, Inc. ("Koba") is an Illinois corporation with its principal place of business in Illinois.

LITDOCS:549169.1

3. Shopko Stores, Inc. ("Shopko") is a publicly traded corporation incorporated under the laws of the State of Wisconsin, and having its principal place of business within that state.

4. IBR Corporation, d/b/a as Harbortown Division ("Harbortown"), is a corporation organized under the laws of the State of Illinois, and having its principal place of business within that state.

## Jurisdiction and Venue

5. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1338(a), in that this case arises under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.*

6. This Court also has original jurisdiction of this action under 28 U.S.C. § 1332, in that the plaintiff, a Massachusetts corporation with its principal place of business in that state, is a citizen of Massachusetts, and the defendants are citizens of Illinois and Wisconsin, and the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.

7. This Court has supplemental jurisdiction of the state law claim alleged in Count II under 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(c) in that Defendants conduct business in this District and at least part of the events giving rise to the claims stated herein occurred in this District. Venue is also proper in this District under 28 U.S.C. § 1400(a) in that this action arises under the copyright

laws of the United States, 17 U.S.C. §§ 101 *et seq.* and Defendants may be found in this District.

## Claim For Relief

### Count I: Copyright Infringement

9. Regal is a converter of woven textile fabrics for use in connection with home furnishings and furniture that reflect original, copyright-protected patterns and fabric constructions that are designed and developed by Regal and in which Regal owns the copyrights.

10. Regal is the owner of all right, title and interest, including the copyright, in and to the original textile design designated "R6711 Multi" (the "Work"). A color photocopy of the Work is attached hereto as **Exhibit A**.

11. The Work contains wholly original material and constitutes copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, as amended.

12. The Work is the subject of a Certificate of Copyright Registration issued by the Register of Copyrights on August 14, 2001, bearing registration number VA 1-092-293. A copy of the Certificate of Copyright Registration is attached as **Exhibit B**.

13. Regal also owns the rights to three additional textile patterns, identical in all respects to the Work but color, and designated "R7201 Sand," "R8133 Multi," and "R6788 Sand." Color photocopies of these designs are attached as **Exhibit C**.

LITDOCS:549169.1

14. In all respects, the laws of the United States and all other laws governing copyright have been complied with as respects the Work, and Regal has secured the rights and privileges under the copyright in the Work.

15. Harbortown manufactures finished goods, including futon mattresses, incorporating fabrics and textiles. In June, July and October 2002, Harbortown purchased fabric incorporating the Work from Regal. The invoices for these purchases are attached as **Exhibit D**.

16. On information and belief, Harbortown thereafter solicited Koba to manufacture fabric infringing Regal's copyright of the Work. Koba is a manufacturer of fabrics for home furnishings.

17. Koba agreed to and did manufacture fabric infringing Regal's copyright of the Work, which it then sold to Harbortown.

18. Harbortown incorporated the infringing fabric into, *inter alia*, futon mattresses, which it sold to Shopko. Shopko owns and operates retail stores that sell, *inter alia*, home furnishings.

19. Shopko sold the infringing products to consumers in its retail stores throughout the United States.

20. Koba has knowingly and willfully infringed, and threatens to further infringe, Regal's rights in and to the Work by, *inter alia*, selling, offering for sale and otherwise distributing goods incorporating unauthorized copies of the Work and creating unauthorized derivative works thereof in violation of its rights pursuant to

17 U.S.C. § 106. Specifically, Koba has sold, offered for sale and distributed infringing fabric reflecting a design that is substantially similar to the Work.

21. Harbortown has knowingly and willfully infringed, and threatens to further infringe, Regal's rights in and to the Work by, *inter alia*, selling, offering for sale and otherwise distributing goods incorporating unauthorized copies of the Work and creating unauthorized derivative works thereof in violation of its rights pursuant to 17 U.S.C. § 106. Specifically, Harbortown has sold, offered for sale and distributed infringing fabric reflecting a design that is substantially similar to the Work.

22. Shopko has knowingly and willfully infringed, and threatens to further infringe, Regal's rights in and to the Work by, *inter alia*, selling, offering for sale and otherwise distributing goods incorporating unauthorized copies of the Work and creating unauthorized derivative works thereof in violation of its rights pursuant to 17 U.S.C. § 106. Specifically, Shopko has sold, offered for sale and distributed infringing fabric reflecting a design that is substantially similar to the Work.

23. The aforesaid infringements by Defendants of Regal's rights in and to the Work, and under the copyright relating thereto, were, and continue to be, done with the full knowledge of or with reckless disregard of Regal's rights in and to the Work under the Copyright Act.

24. By reason of Defendants' aforesaid infringements of Regal's rights, Regal has been seriously and irreparably damaged and, unless Defendant is restrained, Regal will continue to be irreparably damaged.

25. Regal has no adequate remedy at law for the damage inflicted by Defendants.

### COUNT II: Violation of Chapter 93A

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

27. The conduct of each of the Defendants constitutes unfair and deceptive trade practices as defined by Mass. Gen. L. Ch. 93A, § 2.

28. Defendants' unfair and deceptive trade practices have been willful and knowing.

29. Plaintiff has been injured by Defendants' unfair and deceptive trade practices.

WHEREFORE, Regal prays for judgment from this Court as follows:

A. Enjoining Defendants and any of their agents, representatives and all other persons acting in concert with them from further infringing or otherwise violating Regal's rights in and to the Work.

B. Directing Defendants to deliver up for destruction all unauthorized copies of the Work and any derivative works based thereon pursuant to 17 U.S.C. § 503.

C. That an accounting and judgment be rendered against Defendants for:

(1) all profits received from the use, distribution or sale of infringing copies or derivative works of the Work, as provided by 17 U.S.C. § 504(b);

(2) all actual damages suffered by Regal as a result of Defendant's copyright infringement, as provided by 17 U.S.C. § 504(b);

(3) statutory damages for copyright infringement by Defendant, as allowable under 17 U.S.C. § 504(c), if such amounts are greater than the combined amounts of (1) and (2) above; and

(4) an increase of statutory damages on account of Defendants' knowing and willful infringements of Regal's rights in and to the Work pursuant to 17 U.S.C. § 504(c)(2).

D. For an award of up to treble damages pursuant to Mass. Gen. L. Ch. 93A, § 9(2).

E. For an award of costs in this action, including reasonable attorneys' fees and expert fees as allowable under 17 U.S.C. § 505 and M.G.L. c. 93A; and

F. Such other and further relief as the Court deems just, proper and equitable.

## Demand For Jury Trial

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial as to all issues triable by a jury.

Dated:  Boston, Massachusetts
        May 13, 2004

> REGAL FABRICS, INC.,
>
> By its attorneys,
>
> _____
> Richard S. Taffet, BBO #1721182
> Victor H. Polk, Jr., BBO #546099
> **BINGHAM McCUTCHEN LLP**
> 150 Federal Street
> Boston, Massachusetts 02110
> Tel: (617) 951-8000
>
> *Attorneys for Plaintiff*
> *Regal Fabrics, Inc.*



# CERTIFICATE OF REGISTRATION



FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1-092-293



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

OFFICIAL SEAL

EFFECTIVE DATE OF REGISTRATION
08 / 14 / 01
Month / Day / Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1
**TITLE OF THIS WORK ▼**
R6711

**NATURE OF THIS WORK ▼** See Instructions
FABRIC DESIGN

**PREVIOUS OR ALTERNATIVE TITLES ▼**
TETON ICEBERG   R6712

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give: Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

## 2
**a  NAME OF AUTHOR ▼**
REGAL FABRICS, INC.

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ MASSACHUSETTS
     Domiciled in ▶ USA

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes  ☒ No
Pseudonymous? ☐ Yes  ☒ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☒ 2-Dimensional artwork    ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b  NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous? ☐ Yes  ☐ No

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

## 3
**a  Year in Which Creation of This Work Was Completed**
2000 ◀ Year   This information must be given in all cases.

**b  Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month ▶ 12   Day ▶ 20   Year ▶ 2000
USA ◀ Nation

## 4
**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

REGAL FABRICS, INC.
14 BIRCH ROAD   PO BOX 908
MIDDLETON  MA  01949-2908

APPLICATION RECEIVED
AUG 14 2001
ONE DEPOSIT RECEIVED
AUG 14 2001
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

---

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages







# REGAL FABRICS INC.

14 BIRCH ROAD, P.O. BOX 908
MIDDLETON, MA 01949-2908
TEL. (978) 777-6868   FAX (978) 777-9901
customer.service@regalfabrics.com
www.regalfabrics.com

## INVOICE

| | |
|---|---|
| INVOICE NUMBER: | INV00051575 |
| INVOICE DATE: | 6/17/2002 |
| PAGE: | 1 |

| | | | |
|---|---|---|---|
| SOLD TO: | HARBORTOWN<br>4800 WEST ROOSEVELT<br><br>CHICAGO IL 60644 | SHIP TO: | HARBORTOWN<br>ATTN: PETER CRANE<br>4800 WEST ROOSEVELT<br>CHICAGO IL 60644 |

| | | | |
|---|---|---|---|
| F.O.B.: | MIDDLETON, MA, USA | CUST. I.D.: | H1561 |
| SHIP VIA: | UPS | P.O. NUMBER: | |
| SHIP DATE: | 6/17/2002 | P.O. DATE: | |
| DUE DATE: | 7/17/2002 | OUR ORDER NO.: | ORD00047033 |
| TERMS: | Net 30 Days | SALESPERSON: | Garber |

| ITEM I.D./DESC. | ORDERED | SHIPPED | UNIT | PRICE | NET | TX |
|---|---|---|---|---|---|---|
| R6788 SAND | | 6.00 | YARDS | $5.95 | $35.70 | |

PAID
8/27/02
$56.29 ✓

THIS ACCOUNT HAS BEEN ASSIGNED AND IS PAYABLE TO:
GE CAPITAL COMMERCIAL SERVICES
P.O. BOX 402325, ATLANTA, GA 30384-2325

| | |
|---|---|
| SUBTOTAL: | $35.70 |
| FREIGHT: | $5.61 |
| MISC: | $0.00 |
| PAYMENTS: | $0.00 |
| TOTAL: | $41.31 |

INVOICE

# REGAL FABRICS INC.

14 BIRCH ROAD, P.O. BOX 908
MIDDLETON, MA 01949-2908
TEL. (978) 777-6868  FAX (978) 777-9901
customer.service@regalfabrics.com
www.regalfabrics.com

**INVOICE**

| | |
|---|---|
| INVOICE NUMBER: | INV00052651 |
| INVOICE DATE: | 7/24/2002 |
| PAGE: | 1 |

| | | | |
|---|---|---|---|
| SOLD TO: | HARBORTOWN<br>4800 WEST ROOSEVELT<br><br>CHICAGO IL  60644 | SHIP TO: | HARBORTOWN<br>ATTN: PETER CRANE<br>4800 WEST ROOSEVELT<br>CHICAGO IL  60644 |

| | | | |
|---|---|---|---|
| F.O.B.: | MIDDLETON, MA, USA | CUST. I.D.: | H1561 |
| SHIP VIA: | UPS | P.O. NUMBER: | 388343 |
| SHIP DATE: | 7/24/2002 | P.O. DATE: | |
| DUE DATE: | 8/23/2002 | OUR ORDER NO.: | ORD00047943 |
| TERMS: | Net 30 Days | SALESPERSON: | Garber |

| ITEM I.D./DESC. | ORDERED | SHIPPED | UNIT | PRICE | NET | TX |
|---|---|---|---|---|---|---|
| R6788 SAND<br>SPECIAL PRICING<br>FUTURE ORDERS FOR R7201 SAND (RR)<br>MINIMUM 2,000 YARDS | | 56.75 | YARDS | $4.95 | $280.91 | |

PAID
9/30/02
$382.34

THIS ACCOUNT HAS BEEN ASSIGNED AND IS PAYABLE TO:
GE CAPITAL COMMERCIAL SERVICES
P.O. BOX 402325, ATLANTA, GA 30384-2325

| | |
|---|---|
| SUBTOTAL: | $280.91 |
| FREIGHT: | $18.99 |
| MISC: | $0.00 |
| PAYMENTS: | $0.00 |
| TOTAL: | $299.90 |

INVOICE

HARBORTOWN DIVISION/IBR CORP. 7739 405

\* \* \* PURCHASE ORDER \* \* \*

Number : 1005927
Account: REGAL FAB

Date: 08/29/2002
Page: 1

Order Placed With:
REGAL FABRICS INC
14 BIRCH ROAD
P.O. BOX 908
MIDDLETON, MA 01949-2908

Ship To:
HARBORTOWN DIVISION/IBR CORP.
4800 WEST ROOSEVELT ROAD
CHICAGO, IL 60644

| Description | Need By | Last Date | Vend SO # | Shipping Instructions |
|---|---|---|---|---|
| PO #: 1005927 | | | | |

| Your Item #/Qty | Description/Item Number | Price | Disc % | Amount |
|---|---|---|---|---|
| FABBERRYMOOSE1 230.000 YARD | FAB PRINT BERRY MOOSE FABBERRYMOOSE1 \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* PACKING LIST MUST HAVE PO# & YDS \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* DO NOT DELIVER BETWEEN 12:00P TO 1:00P | $4.9500 | 0.000 | $1,138.50 |

R 8133

RUSH

Terms:
Net 60 Days

Tax Exempt Number:
1169-9620

Bill To:
HARBORTOWN DIVISION/IBR CORP.
4800 WEST ROOSEVELT ROAD
CHICAGO, IL 60644

Disc. ( 0.000): $0.00
Subtotal : $1,138.50
Tax ( 0.00 %) : $0.00
Less Deposit : $0.00
Order Amount : $1,138.50

Requested By : PETER
Authorization:

# REGAL FABRICS INC.

14 BIRCH ROAD, P.O. BOX 908
MIDDLETON, MA 01949-2908
TEL. (978) 777-6868  FAX (978) 777-9901
customer.service@regalfabrics.com
www.regalfabrics.com

**INVOICE**

| | |
|---|---|
| INVOICE NUMBER: | INV00055841 |
| INVOICE DATE: | 10/25/2002 |
| PAGE: | 1 |

| | | | |
|---|---|---|---|
| SOLD TO: | HARBORTOWN<br>4800 WEST ROOSEVELT<br><br>CHICAGO IL  60644 | SHIP TO: | HARBORTOWN<br>ATTN: PETER CRANE<br>4800 WEST ROOSEVELT<br>CHICAGO IL  60644 |

| | | | |
|---|---|---|---|
| F.O.B.: | MIDDLETON, MA, USA | CUST. I.D.: | H1561 |
| SHIP VIA: | UPS ON 4 | P.O. NUMBER: | 1005927 |
| SHIP DATE: | 10/25/2002 | P.O. DATE: | |
| DUE DATE: | 11/24/2002 | OUR ORDER NO.: | ORD00048941 |
| TERMS: | Net 30 Days | SALESPERSON: | Garber |

| ITEM I.D./DESC. | ORDERED | SHIPPED | UNIT | PRICE | NET | TX |
|---|---|---|---|---|---|---|
| R8133 MULTI<br>55.00, 54.75, 55.25, 55.50<br>FAB PRINT BERRY MOOSE | | 220.50 | YARDS | $4.95 | $1,091.48 | |

☑ **PAID** 1/29/03

$1242.04

THIS ACCOUNT HAS BEEN ASSIGNED AND IS PAYABLE TO:
GE CAPITAL COMMERCIAL SERVICES
P.O. BOX 402325, ATLANTA, GA 30384-2325

| | |
|---|---|
| SUBTOTAL: | $1,091.48 |
| FREIGHT: | $69.59 |
| MISC: | $0.00 |
| PAYMENTS: | $0.00 |
| TOTAL: | $1,161.07 |

INVOICE