UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE
2004 JUL -7 P 2: 53
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| REGAL FABRICS, INC.,<br><br>Plaintiff<br><br>v.<br><br>KOBA, INC., an Illinois corporation;<br>IBR CORPORATION, d/b/a Harbortown Division, an Illinois corporation; and<br>SHOPKO STORES, INC., a Wisconsin corporation,<br><br>Defendants | Civil No: 04-10961 RWZ |

## Memorandum in Support of Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)

Defendants Koba, Inc., IBR Corporation, and ShopKo Stores, Inc. ("Defendants") hereby file this Memorandum in support of their Motion to Dismiss on the grounds that Count II of the Complaint is preempted by federal copyright law and also that the events giving rise to the Complaint did not occur primarily and substantially within the Commonwealth of Massachusetts.

### INTRODUCTION

On May 14, 2004, Regal Fabrics, Inc. ("Regal") filed the instant law suit alleging, among other things, that the conduct of the Defendants constitutes unfair and deceptive trade practices under Mass. Gen. Laws ch. 93A. This claim is premised on the same copyright infringement allegations Regal set forth in Count I.

Count I alleges that defendant IBR Corporation purchased a copyrighted fabric pattern from Regal and solicited defendant Koba, Inc. to manufacture a similar fabric

pattern. Regal alleges that IBR Corporation then sold this fabric, incorporating the copied pattern, to defendant ShopKo, Inc.

Regal's state-law claim seeks to protect a matter that is within the scope of federal copyright law and is therefore preempted. Moreover, Mass. Gen. Laws ch. 93A § 11 requires that the facts underlying the case occur primarily and substantially in Massachusetts. No such facts are set forth in Regal's complaint.

Thus, Count II should be dismissed for failure to state a claim upon which relief can be granted.

## ARGUMENT

For purposes of a Motion to Dismiss, the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. Fed. R. Civ. P. 12(b)(6); *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir. 1993).

As set forth above, Regal asserts claims against Defendants arising from the alleged copying of a fabric pattern. Taking these allegations as true, it is clear that Regal has failed to state claims upon which relief can be granted with respect to its claim for unfair and deceptive trade practices (Count II) under Mass. Gen. Laws ch. 93A.

### A. Regal's State-law Claims Fall Within the Scope of Federal Copyright Law.

Federal copyright law preempts rights under state law when the rights are the equivalent to those granted under the Copyright Act. 17 U.S.C. § 301(a); *Danielson, Inc. v. Winchester-Conant Props., Inc.*, 322 F.3d 26, 44 (1st Cir. 2003). In Count II of its complaint, Regal alleges that Defendants engaged in unfair and deceptive trade practices which violate Mass. Gen. Laws ch. 93A. The 'unfair and deceptive trade practice' claim

in Count II is premised on Defendants' alleged copyright infringement. No other claims are alleged which give rise to a violation of Chapter 93A. This 93A claim is therefore "equivalent" to the plaintiff's claims for copyright infringement and is expressly preempted by 17 U.S.C. § 301.

Courts typically dismiss state deceptive trade practice claims that are mere copyright infringement claims in disguise. See, Nimmer On Copyrights § 1.01[B][1][e], at 1-29, 30 n. 111 (and cases cited therein). Plaintiff's 93A claim is precisely this type of claim. It merely adds a Chapter 93A claim to the facts alleging copyright infringement. Since it adds nothing else, it is preempted by the Copyright Act. *Danielson, Inc.*, 322 F.3d at 45; *Data General Corp. v. Grumman Syst. Support Corp.*, 36 F.3d 1147, 1164 (1st Cir. 1994); *The Saenger Org., Inc. v. Nationwide Ins. Licensing Assocs., Inc.*, 119 F.3d 55, 64 (1st Cir. 1997); *Rubin v. Brooks/Cole Publishing Co.*, 836 F. Supp. 909, 924 (D. Mass. 1993); *Henry v. Nat'l Geographic Soc'y*, 147 F. Supp. 2d 16, 20 (D. Mass. 2001).

To survive preemption, the state-law claims must involve an extra element that qualitatively differentiates what the plaintiff seeks to protect from matters within the scope of federal copyright law. *Data General*, 36 F.3d at 1164; *Yankee Candle Co. v. Bridgewater Candle Co., LLC*, 107 F. Supp. 2d 82, 87 (D. Mass. 2000).

Regal's claims of unfair and deceptive trade practices do not add an extra element so as to be qualitatively different from its copyright infringement claims. Its claim of unfair and deceptive trade practices is, therefore, preempted by federal copyright law.

**B. The Events Giving Rise to the Complaint did not Occur Within the Commonwealth of Massachusetts.**

Massachusetts Gen. Laws ch. 93A § 11 requires that the facts underlying the case must have occurred "primarily and substantially" in Massachusetts. Regal's Complaint does not allege any infringing activity in Massachusetts. Moreover, Defendants Koba, Inc. and IBR Corporation are both incorporated in and conduct their businesses in Illinois. (Complaint, ¶ 2, 4). Defendant ShopKo Stores, Inc. is incorporated in and conducts its business in Wisconsin. (Complaint, ¶ 3). Therefore, Chapter 93A does not apply to the defendants' alleged conduct.

## CONCLUSION

For the foregoing reasons, with respect to Count II (unfair and deceptive trade practices), Regal fails to state a claim upon which relief can be granted. Accordingly, the Court should grant Defendants' Motion to Dismiss and dismiss Count II of Regal's Complaint.

Respectfully submitted,

KOBA, INC.,
IBR CORPORATION d/b/a/ Harbortown Division, and
SHOPKO STORES, INC.

By their attorneys,

_____
Mark Schonfeld (BBO No. 446980)
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
(617) 345-3329

00852318

-4-