UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| REGAL FABRICS, INC.,<br><br>              Plaintiff,<br><br>     v.<br><br>KOBA, INC., an Illinois corporation;<br>IBR CORPORATION, d/b/a Harbortown Division,<br>an Illinois corporation; and<br>SHOPKO STORES, INC, a Wisconsin corporation,<br><br>              Defendants. | CIVIL ACTION<br>NO. 04-10961-RWZ |

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Regal Fabrics, Inc. ("Regal"), by its undersigned attorneys, Bingham McCutchen LLP, for its Amended Complaint herein, alleges, upon knowledge as to itself and otherwise upon information and belief, as follows:

### Parties

1.    Regal is a privately held corporation duly organized under the laws of Massachusetts, with a principal place of business in Middleton, Massachusetts.

2.    Koba, Inc. ("Koba") is an Illinois corporation with its principal place of business in Illinois.

3. Shopko Stores, Inc. ("Shopko") is a publicly traded corporation incorporated under the laws of the State of Wisconsin, and having its principal place of business within that state.

4. IBR Corporation, d/b/a as Harbortown Division ("Harbortown"), is a corporation organized under the laws of the State of Illinois, and having its principal place of business within that state.

## Jurisdiction and Venue

5. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1338(a), in that this case arises under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.*

6. This Court also has original jurisdiction of this action under 28 U.S.C. § 1332, in that the plaintiff, a Massachusetts corporation with its principal place of business in that state, is a citizen of Massachusetts, and the defendants are citizens of Illinois and Wisconsin, and the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.

7. This Court has supplemental jurisdiction of the state law claim alleged in Count II under 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(c) in that Defendants conduct business in this District and at least part of the events giving rise to the claims stated herein occurred in this District. Venue is also proper in this District under 28 U.S.C. § 1400(a) in that this action arises under the copyright

laws of the United States, 17 U.S.C. §§ 101 *et seq.* and Defendants may be found in this District.

### Claim For Relief

### Count I: Copyright Infringement

9. Regal is a converter of woven textile fabrics for use in connection with home furnishings and furniture that reflect original, copyright-protected patterns and fabric constructions that are designed and developed by Regal and in which Regal owns the copyrights.

10. Regal is the owner of all right, title and interest, including the copyright, in and to the original textile design designated "R6711 Multi" (the "Work").

11. The Work contains wholly original material and constitutes copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, as amended.

12. The Work is the subject of a Certificate of Copyright Registration issued by the Register of Copyrights on August 14, 2001, bearing registration number VA 1-092-293.

13. Regal also owns the rights to three additional textile patterns, identical in all respects to the Work but color, and designated "R7201 Sand," "R8133 Multi," and "R6788 Sand."

14. In all respects, the laws of the United States and all other laws governing copyright have been complied with as respects the Work, and Regal has secured the rights and privileges under the copyright in the Work.

15. Harbortown manufactures finished goods, including futon mattresses, incorporating fabrics and textiles. In June, July and October 2002, Harbortown purchased fabric incorporating the Work from Regal.

16. On information and belief, Harbortown thereafter solicited Koba to manufacture fabric infringing Regal's copyright of the Work. Koba is a manufacturer of fabrics for home furnishings.

17. Koba agreed to and did manufacture fabric infringing Regal's copyright of the Work, which it then sold to Harbortown.

18. Harbortown incorporated the infringing fabric into, *inter alia*, futon mattresses, which it sold to Shopko. Shopko owns and operates retail stores that sell, *inter alia*, home furnishings.

19. Shopko sold the infringing products to consumers in its retail stores throughout the United States.

20. Koba has knowingly and willfully infringed, and threatens to further infringe, Regal's rights in and to the Work by, *inter alia*, selling, offering for sale and otherwise distributing goods incorporating unauthorized copies of the Work and creating unauthorized derivative works thereof in violation of its rights pursuant to 17 U.S.C. § 106. Specifically, Koba has sold, offered for sale and distributed infringing fabric reflecting a design that is substantially similar to the Work.

21. Harbortown has knowingly and willfully infringed, and threatens to further infringe, Regal's rights in and to the Work by, *inter alia*, selling, offering for sale and otherwise distributing goods incorporating unauthorized copies of the Work and creating unauthorized derivative works thereof in violation of its rights pursuant to 17 U.S.C. § 106. Specifically, Harbortown has sold, offered for sale and distributed infringing fabric reflecting a design that is substantially similar to the Work.

22. Shopko has knowingly and willfully infringed, and threatens to further infringe, Regal's rights in and to the Work by, *inter alia*, selling, offering for sale and otherwise distributing goods incorporating unauthorized copies of the Work and creating unauthorized derivative works thereof in violation of its rights pursuant to 17 U.S.C. § 106. Specifically, Shopko has sold, offered for sale and distributed infringing fabric reflecting a design that is substantially similar to the Work.

23. The aforesaid infringements by Defendants of Regal's rights in and to the Work, and under the copyright relating thereto, were, and continue to be, done with the full knowledge of or with reckless disregard of Regal's rights in and to the Work under the Copyright Act.

24. By reason of Defendants' aforesaid infringements of Regal's rights, Regal has been seriously and irreparably damaged and, unless Defendant is restrained, Regal will continue to be irreparably damaged.

25. Regal has no adequate remedy at law for the damage inflicted by Defendants.

LITDOCS/560435.1

WHEREFORE, Regal prays for judgment from this Court as follows:

A.  Enjoining Defendants and any of their agents, representatives and all other persons acting in concert with them from further infringing or otherwise violating Regal's rights in and to the Work.

B.  Directing Defendants to deliver up for destruction all unauthorized copies of the Work and any derivative works based thereon pursuant to 17 U.S.C. § 503.

C.  That an accounting and judgment be rendered against Defendants for:

(1) all profits received from the use, distribution or sale of infringing copies or derivative works of the Work, as provided by 17 U.S.C. § 504(b);

(2) all actual damages suffered by Regal as a result of Defendant's copyright infringement, as provided by 17 U.S.C. § 504(b);

(3) statutory damages for copyright infringement by Defendant, as allowable under 17 U.S.C. § 504(c), if such amounts are greater than the combined amounts of (1) and (2) above; and

(4) an increase of statutory damages on account of Defendants' knowing and willful infringements of Regal's rights in and to the Work pursuant to 17 U.S.C. § 504(c)(2).

D.  For an award of costs in this action, including reasonable attorneys' fees and expert fees as allowable under 17 U.S.C. § 505; and

LITDOCS/560435.1

E. Such other and further relief as the Court deems just, proper and equitable.

### Demand For Jury Trial

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial as to all issues triable by a jury.

Dated:  Boston, Massachusetts
July 14, 2004

REGAL FABRICS, INC.,

By its attorneys,

_____
Richard S. Taffet, BBO #1721182
Victor H. Polk, Jr., BBO #546099
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, Massachusetts 02110
Tel: (617) 951-8000

*Attorneys for Plaintiff*
*Regal Fabrics, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/hand on July 14, 2004.

_____

-7-