UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REGAL FABRICS, INC.,<br>        Plaintiff,<br><br>      v.<br><br>KOBA, INC., an Illinois corporation;<br>IBR CORPORATION, d/b/a Harbortown Division,<br>an Illinois corporation; and<br>SHOPKO STORES, INC, a Wisconsin corporation,<br>        Defendants. | CIVIL ACTION<br>NO. 04-10961-RWZ |

## MOTION TO REOPEN AND ENFORCE SETTLEMENT AGREEMENT

Plaintiff, Regal Fabrics, Inc. ("Regal") respectfully moves this Court to reopen the above action and enforce the settlement agreement agreed to by Defendants, Koba, Inc. ("Koba"), IBR Corporation, d/b/a Harbortown Division ("Harbortown"), and Shopko Stores, Inc. ("Shopko"), collectively (the "Defendants"), and award Regal its costs and attorney's fees incurred as a result of the Defendant's bad-faith negotiations and repeated delays. In support of its motion, Regal states as follows:

1. On December 1, 2004, this Court entered a notice to the parties referring the matter to the Hon. Mag. Judge Charles B. Swartwood to explore settlement possibilities through mediation.

2. On January 3, 2004, Harbortown and Regal met before Judge Swartwood to discuss settlement. Prior to this meeting, Harbortown represented to Regal that it had negotiating

authority for all of the Defendants. During the mediation it became clear that this was not the case and the mediation was continued to March 11, 2005. Each of the Defendants was expected to be present for this continued mediation.

3. Due to the Defendant's various delays and scheduling conflicts the continued mediation was rescheduled several times until Judge Swartwood ordered to the parties to be present on July 20, 2005.

4. On July 19, 2005, the day before the continued mediation before Judge Swartwood, the parties agreed to settlement terms. The terms of the settlement are simple. The Defendants are to pay Regal the sum of One Hundred Sixty Eight Thousand Dollars ($168,000) in exchange for Regal's executing releases in favor of each of the Defendants and dismissal of the present action.

5. On August 10, 2005, this Court entered an Order of Dismissal without prejudice to the right to reopen the action if settlement is not consummated.

6. Despite the Defendant's repeated delays, the parties have agreed to the Release and dismissal language and Regal has executed the Defendant's Releases. Counsel for Regal promptly contacted counsel for the Defendants to arrange for transfer of the settlement proceeds. Upon the exchange of settlement proceeds and signed Releases, the only remaining step would be to dismiss this action.

7. Upon notification by Regal's counsel that the Releases were signed, counsel for the Defendants disclosed that Harbortown had not yet paid its contribution of $50,000 to the settlement funds, and refused to release any of the settlement funds until the entire amount was collected.

8. Regal did not agree to separate settlement amounts from each of the Defendants. Regal agreed to a lump sum payment by the Defendants of $168,000. If Harbortown is now unable or unwilling to pay into the settlement fund, the remaining Defendants should fully fund the settlement proceeds and seek indemnification from Harbortown for the difference.

9. As a result of the Defendant's actions, and/or inactions, Regal continues to be harmed. Since July, Regal has expended considerable sums in chasing the Defendants in an effort to bring this case to a conclusion.

10. The Defendant's actions are inexcusable, and as a result, Regal respectfully requests that this Court:

    a. Reopen the case and hold an emergency status conference;

    b. Enter Judgment against the Defendants for the agreed upon settlement amount of $168,000 plus interest from July 19, 2005; and

    c. Award Regal its costs and attorney's fees incurred as a result of the Defendant's bad-faith negotiations and delays.

REGAL FABRICS, INC.,

By its attorneys,

_____
Victor H. Polk, Jr., BBO #546099
David M. Magee, BBO #652399
Richard S. Taffet
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, Massachusetts 02110
Tel: (617) 951-8000

*Attorneys for Plaintiff*
*Regal Fabrics, Inc.*

Dated:   Boston, Massachusetts
         October 7, 2005

## CERTIFICATION OF SERVICE

The undersigned hereby affirms that he electronically filed the foregoing paper with the Clerk of the Court using the ECF system and caused copies to be served upon the following attorney(s) of record:

>   Mark Schonfeld
>   Burns & Levinson
>   125 Summer Street
>   Boston, MA 02110

by United States Postal Service on the 7th day of October 2005.

*(signature)*

David M. Magee, BBO #652399
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, Massachusetts 02110
Tel: (617) 951-8000